[Doc. No. 123]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| ERNEST D'ORAZIO,<br><br>          Plaintiff,<br><br>     v.<br><br>WASHINGTON TOWNSHIP, et al.,<br><br>          Defendants. | Civil No. 07-5097-JEI-KMW |

## Report and Recommendation

THIS MATTER comes before the Court by way of motion of Plaintiff Ernest M. D'Orazio, III seeking an award of reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988. This motion will be decided by Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(b) and (c). For the reasons set forth below, this Court respectfully recommends Plaintiff's motion be granted in part and denied in part.

### I. Background

Plaintiff, Ernest D'Orazio, III, brought this suit against Defendants, Washington Township, Paul Moriarity, the former mayor of Washington Township, Rafael Muniz, then chief of the Washington Township Police Department, Stephen Rolando, Jason Player, Richard

Sumek and Dennis Sims.[1]   (*See* Opinion, Oct. 7, 2010, Doc. No. at 2.)  Plaintiff's suit arises out of his failure to be promoted from Special Law Enforcement Officer to a full-time law enforcement officer, the investigation and his termination from the Washington Township Police Department.  (*Id.* at 1-2.)  Plaintiff claims that Defendants' actions were discriminatory and in violation of his civil rights and, to that end, asserted claims under 42 U.S.C. § 1983 for violation of his First Amendment and Fourth Amendment rights as well as claims for civil conspiracy.  (*Id.* at 2.)

Defendants filed a summary judgment motion which was granted in part and denied in part by the Honorable Joseph E. Irenas, S.U.S.D.J.  (*See* Opinion & Order, Oct. 7, 2010, Doc. Nos. 105 & 106.)  As a result, eight out of the twelve claims in the First Amended Complaint were dismissed along with Defendants Washington Township, Paul Moriarty and Dennis Sims.  (*See* Order ¶ 1, Doc. No. 106.)  Additionally, of the remaining four claims, summary judgment was granted in part to the extent that those claims were not related to the investigation of Plaintiff and his dismissal from the Washington Township Police Department.  (*See* Order ¶ 2.)   In the Opinion, Judge Irenas found that although Plaintiff sought "back pay, front pay and/or reinstatement" in his First Amended Complaint, "Plaintiff has asserted no basis upon which he could be

---

1.  The Court will only recount facts germane to this motion.  A full recitation of the procedural history and facts of this case can be found in the October 7, 2010 Opinion of the Honorable Joseph E. Irenas.  (*See* Opinion, Oct. 7, 2010, Doc. No. 105.)

reinstated as an SLEO or would be due front pay." (*See* Opinion at 20-21 n. 9.)  Additionally, Judge Irenas found that the "maximum amount of compensatory damages available to Plaintiff is $270 in back pay . . ."  (*See Id.*)  Thereafter, Plaintiff sought reconsideration of the Court's finding that the wage loss claim was limited to $270.00, however, Judge Irenas denied the motion and found that his holding was proper with regard to the wage loss claim.  (*See* Order ¶¶ 1 & 5, Nov. 15, 2010, Doc. No. 112.)

Prior to the commencement of trial, Defendants made an Offer of Judgment to Plaintiff in the amount of $75,000 which Plaintiff accepted.  (*See* Notice of Acceptance with Offer of Judgment, Doc. No. 118.)  On March 22, 2011, Judge Irenas entered an Order of Judgment in which he ordered that Defendants pay Plaintiff $75,000 in accordance with Defendants' Rule 68 Offer of Judgment by April 1, 2011 or judgment would be entered in favor of Plaintiff.  (*See* Order of Judgment, Mar. 22, 2011, Doc. No. 121.)  The Order further indicated that "Plaintiff is entitled to an award of reasonable attorneys' fees and costs to be determined by this Court."  (*See Id.*)

## II. <u>Discussion</u>

"The Civil Rights Attorney's Fees Awards Act of 1976, 90 Stat. 2641, 42 U.S.C. § 1988, authorizes a court to award a reasonable attorney's fee to the prevailing party in "any action or proceeding" to enforce certain statutes . . ." *Webb v. Board of Educ. of Dyer County, Tenn.,* 471 U.S. 234, 235-236 (1985).  Upon

3

determination that a plaintiff is a prevailing party and is entitled to an award of attorneys' fees, the court must then decide upon a reasonable award of fees and costs. "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This approach is otherwise referred to as the lodestar and "is strongly presumed to yield a reasonable fee." *Washington v. Philadelphia County Court of Common Pleas*, 89 F.3d 1031, 1035 (3d Cir. 1996). The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed.[2] *Hensley,* 461 U.S. at 433. Once the lodestar amount is determined, the court may, in its discretion, adjust the lodestar upward or downward for many reasons, one important reason being the results obtained by the prevailing party. *Hensley,* 461 U.S. at 434; *McKenna v. City of Philadelphia*, 582 F.3d 447, 455 (3d Cir. 2009).

As an initial matter, the Court finds that Plaintiff is a prevailing party entitled to a reasonable award of attorneys' fees and costs pursuant to the March 22, 2011 Order of Judge Irenas, thus, the sole issue before this Court is what reasonable amount

---

2. If the opposing party wants to challenge the fee award, it must object "with sufficient specificity" to the request. *Interfaith Community Organization v. Honeywell Intern. Inc.*, 426 F.3d 694, 703 fn. 5 (3d Cir. 2005). The party requesting fees must then demonstrate its request is reasonable. *Id.*

should be awarded.[3]   Here, there is a dispute as to the
reasonableness of the hourly rate and the reasonableness of the
time expended.[4]   Accordingly, the Court will address each area in
turn to determine the reasonableness of the fee award requested by
Plaintiff.

## A. Reasonableness of Fee Award

## 1. Reasonably Hourly Rate

In determining a reasonable hourly rate, "[t]he general rule
is that a reasonable hourly rate is calculated according to the
prevailing market rates in the community." *Washington*, 89 F.3d
1031, 1035 (citing *Blum v. Stenson*, 465 U.S. 886, 895-896 n. 11
(1984)).  "The relevant legal community ... is usually the vicinage
in which the case was tried."[5]   See Lite, New Jersey Federal

---

3.  As such, the Court rejects Defendants' arguments that (1) the Court should
decline a fee award and (2) a fee award in this matter is unjust.  Defendants
argue that Plaintiff is only a technical prevailing party and has only
received *de minimis* success because Defendants only made an offer of judgment
to Plaintiff to avoid litigation and Plaintiff's recovery was nominal when
compared to what he originally sought in his Complaint.  First, the Court
agrees with Plaintiff that Defendants' motivation for offering a judgment in
this matter is inconsequential in determining whether Plaintiff is entitled to
a reasonable fee award especially in light of Judge Irenas' ruling.  Second,
while it is true that $75,000 may shy in comparison to what Plaintiff
originally sought in the First Amended Complaint (i.e. reinstatement, back
pay, front pay, punitive damages, etc.) and may indeed reflect the defense
cost of continued litigation, unlike many of the cases cited by Defendants,
Plaintiff did not receive a nominal award which is typically $1.

4.  The Court notes that it held a hearing on September 16, 2011 to address
the areas of dispute.

5.  Although other courts have found that the entire state of New Jersey is
the relevant market, there appears to be no bright line definition of the
relevant legal community.  *See Public Interest Research Group of New Jersey,
Inc. v. Windall*, 51 F.3d 1179, 1185-1188 (3d Cir. 1995)(indicating that it has
yet to adopt "any single, authoritative definition of the relevant community,"
but, **based upon the record before it,** affirming the lower court's order
adopting the entire District of New Jersey as the relevant market for legal
rates).

Practice Rules, Comment 5 to L. Civ. R. 54.2(Gann)(citing *Employers Ins. Co. of Wausau v. Harleysville Ins. Co.*, 2008 U.S. Dist. LEXIS 95003 (D.N.J. Nov. 20, 2008); *Jama v. Esmor Correctional Svcs.*, 549 F. Supp. 2d 602, 612 (D.N.J. 2008); *Barkouras v. Hecker*, 2007 U.S. Dist. LEXIS 44615 (D.N.J. June 20, 2007)). Additionally, although it is by no means conclusive, an attorney's customary billing rate is an appropriate place to start in determining the prevailing market rate. *A.V. v. Burlington Township Board of Education*, No. 06-1534, 2008 WL 4126254, at *5 (D.N.J. Sept. 3, 2008). Affidavits of other attorneys practicing in the same market may also be offered to establish the prevailing market rate. *See Ellis* v. Ethicon, Inc., No. 05-726, 2010 WL 715403, at *2 (D.N.J. March 1, 2010). The burden is on the prevailing party to produce sufficient evidence to demonstrate the reasonable market rate for the character and complexity of legal services rendered to make out a prima facie case. *Washington*, 89 F.3d at 1035; *see also Ellis*, 2010 WL 715403, at *2.

Plaintiff seeks an hourly rate of $405 for his attorney Jacqueline M. Vigilante, Esquire, and a rate of $400 for his attorney Ralph E. Lamar, Esquire. Plaintiff avers that these rates are not only reasonable but also representative of his attorneys' qualifications and experience.[6] Plaintiff provides affidavits from

---

6. Plaintiff also requests an hourly rate of $150 for Ms. Vigilante's associate and $85.00 for Ms. Vigilante's paralegal which, having received no evidence from Defendants to contradict these hourly rates, the requested rates are deemed reasonable and will be permitted.

his attorneys attesting to the reasonableness of the hourly rates requested.  Ms. Vigilante maintains a private law practice and has been practicing law for 23 years.  Mr. Lamar also maintains a private law practice and has been practicing law for 21 years. Upon review of the affidavits of Plaintiff's attorneys, both appear to have a great deal of experience.

In addition, Plaintiff provides affidavits from Kevin Costello, Esquire, and Alan H. Schorr, Esquire, attesting to the rates of Ms. Vigilante and Carmen Matos, Esquire, and Lorrie McKinley, Esquire, attesting to the rates of Mr. Lamar.  The Court notes that Mr. Costello and Mr. Schorr's affidavits are almost identical in their discussion of the prevailing hourly rates, rationale for the hourly rates and their knowledge of Ms. Vigilante.  With this in mind, both Mr. Costello and Mr. Schorr indicate that attorneys handling employment and labor cases on behalf of Plaintiffs bill $350 and above, so they find Ms. Vigilante's $405 hourly rate reasonable for the Southern New Jersey area.  Similarly, Ms. Matos supports a rate of $400 for Mr. Lamar. Ms. Matos indicates that she bills at an hourly rate of $400 and a court has awarded her this rate.[7]  Lastly, Plaintiff provides an affidavit from Lorrie McKinley, Esquire, who indicates that she was Chairperson of Community Legal Services, Inc. Attorneys' Fees Committee wherein she researched and established hourly rates for

---

7.  Interestingly, Ms. Matos practices in the Philadelphia area, has been practicing law for 31 years and still bills at a rate of $400 despite being awarded this amount in 2009.

lawyers and support staff seeking court-awarded attorneys' fees. Ms. McKinley indicates that she is aware of Mr. Lamar and his rate of $400 per hour is reasonable for the southeastern Pennsylvania community.

In opposition, Defendants argue that the hourly rate requested by Plaintiff is not reasonable and instead the Court should find that the reasonable hourly rate for both of Plaintiff's attorneys is $150. In support of this assertion, Defendants aver that this rate is the best evidence of Ms. Vigilante's rate because she actually billed and was paid this rate by Plaintiff for her work on Plaintiff's administrative proceedings. Defendants argue that Plaintiff has not provided any other evidence to support a $400 or $405 hourly rate because affidavits from other attorneys who represent plaintiffs attesting to the reasonableness of their own rates are not persuasive. Indeed, Defendants argue that these attorneys have an incentive to agree with a higher hourly rate so they can command the same rate thereafter. Defendants also provide affidavits of attorneys who indicate that the reasonable hourly rate for attorneys litigating employment cases in Southern New Jersey is between $125 and $250. However, of all the affidavits provided by Defendants, only one attorney, Arthur J. Murray, Esquire, states that 80% of his files are plaintiff's litigation and he charges and is **paid** $250 hourly.

In this case, the Court finds that the relevant community in determining a reasonable hourly rate is Southern New Jersey and

8

Plaintiff has failed to carry his burden in demonstrating that the reasonable hourly rate for his attorneys is $405 and $400. Indeed, Plaintiff's own submissions undermine such a finding. First, while two attorneys in Southern New Jersey find that the hourly rates sought by Plaintiff are reasonable, Ms. Matos practices in and around Philadelphia yet bills at a lower hourly rate than Ms. Vigilante. *See L.J. v. Audubon Board of Education*, No. 06-5350, 2009 WL 995458, at * 11 (D.N.J. Apr. 13, 2009)(noting that rates by attorneys based out of Philadelphia, a large metropolitan area, are likely to be higher than those charged by attorneys practicing in Southern New Jersey). Indeed, Ms. Matos has been practicing law about 31 years which is longer than both of Plaintiff's attorneys-- Ms. Vigilante about 23 years and Mr. Lamar about 21 years. Similarly, Ms. McKinley indicates that the $400 rate sought by Mr. Lamar is reasonable for the *southeastern Pennsylvania community,* however, because Plaintiff's case was filed and ligated in Southern New Jersey, Mr. Lamar's rate will be based upon the rates in this market. *Interfaith Community Organization v. Honeywell Intern. Inc.*, 426 F.3d 694, 705 (3d Cir. 2005)(in most cases, the relevant rate is the prevailing rate in the forum of the litigation). Therefore, Ms. McKinley's affidavit confirming that $400 is a reasonable hourly rate in Pennsylvania again undermines the rate sought by Plaintiff in Southern New Jersey. Lastly, while Mr. Costello and Mr. Schorr indicate that they <u>bill</u> at rates of $450 and $400, they do not indicate whether or not that rate has been

paid or awarded by a court which would indeed be helpful to this Court. Further, Mr. Costello and Mr. Schorr indicate that they have spoken to other attorneys who bill at rates of $350 and higher. On the other hand, while the Court does not agree with Defendants' assertion that $150 is an appropriate rate because work performed during an administrative proceeding varies greatly from §1983 litigation, the Court has considered the fact that Mr. Murray indicates that he bills and is paid $250 per hour. Thus, because Plaintiff has not presented concrete evidence supporting the rate requested, the Court cannot ignore the evidence offered by Defendants nor can the Court ignore that $350 is an appropriate rate pursuant to Plaintiff's own evidence. Based upon the foregoing, while the hourly rates Plaintiff seeks may be reasonable for the Pennsylvania market, he has not carried his burden in establishing that the hourly rate is reasonable for his attorneys in this legal market. As such, the Court finds that Plaintiff has established that a reasonable hourly rate, based on this record, would be $350 for Ms. Vigilante and Mr. Lamar.

## 2. **Hours Reasonably Expended**[8]

In calculating the hours reasonably expended, the court should review the time expended, determine its reasonableness and exclude any hours that are "excessive, redundant or unnecessary." *Maldonado v. Houstoun*, 256 F.3d 181, 185 (3d Cir. 2001)(citing

---

8.  The Court notes that it will only address hours still in dispute since Plaintiff has reduced some hours in light of Defendants' opposition to same.

*Public Int. Research Group of N.J., Inc. v. Windall*, 51 F.3d 1179, 1188 (3d Cir. 1995). While the court cannot adjust the fee award based upon factors not raised by the opposing party, the burden remains on the party seeking the fee to justify it and courts have an affirmative function in the fee fixing process. *L.J. v. Audubon Board of Education*, 2009 WL 995458, at *13.

Here, according to the records provided, Plaintiff's attorneys have expended over 1100 hours litigating this case. Defendants lodge specific objections to the reasonableness of some hours expended on this case on numerous grounds. (*See* Defs.' Appendices, Doc. No. 126-33.)

a. *Vague Time Entries*

Defendants argue that many time entries of Plaintiff's counsel are vague. In response, Plaintiff has supplemented the time entries of his attorneys. The Court has reviewed the disputed entries and finds that although Mr. Lamar's entries account for seven (7) hours on June 15, 2009 related to the deposition of Mr. Altamuro and Mr. Condit, the actual deposition lasted 3.4 hours. Neither Ms. Vigilante nor Mr. Lamar provide an explanation for the seven (7) hours. Therefore, the entry is vague and will be deducted from the final bill. Similarly, with regard to Mr. Lamar's entries on February 9, 2010, of the 10.5 hours attributed to the deposition of Mercun and Rodgers, 7.5 of these hours are unexplained. As such, Mr. Lamar's hours will be reduced accordingly. With regard to Ms. Vigilante, the only entry deemed

11

vague is that of May 29, 2009 for .4 hours, the description provided in that entry is insufficient to warrant payment.

    b. *Clerical and Administrative Tasks*

Defendants raise many objections to hours Plaintiff's attorneys allegedly expended on clerical and administrative tasks. Plaintiff argues that his attorneys did not bill for clerical and administrative tasks. Of course, clerical work should not be billed at the rate of an experienced attorney. *See L.J. v. Audubon Board of Educ.*, 2009 WL 995458, at *13. The Court has reviewed the disputed entries and finds the following entries clerical and not billable.

| Invoice # | Date | Time Billed | Description |
|-----------|------|-------------|-------------|
| 641 | 6/30/08 | .1 | internal memo |
| 23 | various | 2.4 | forwarding correspondence to co-counsel |
| 641 | various | 4.6 | forwarding correspondence to co-counsel |
| 720 | various | 2.4 | forwarding correspondence to co-counsel |

    c. *Work Delegable to an Associate or Paralegal*

Defendants next object to work performed by Plaintiff's attorneys which could have been delegated to an associate or paralegal. In response, Plaintiff argues that his attorney could not delegate certain matters because she did not, for part of this litigation, have an associate in her office, thus, the work could not have been delegated. Generally, tasks which are easily delegable to nonprofessionals or associates should not be billed by

12

partners.  *Apple Corps v. International Collectors Society*, 25 F. Supp. 2d 480, 491 (D.N.J. 1998).  Although, with smaller firms or solo practices, it is not always possible to delegate tasks.  *See Poston v. Fox*, 577 F. Supp. 915, 919 (D.N.J. 1984).  Bearing this in mind and upon review of the records, the Court finds that the following entries warrant a reduction in Ms. Vigilante's rate to $250.[9]

| Invoice # | Date | Time Billed | Description |
|---|---|---|---|
| 641 | 11/20/08 | .6 ($90) | preparation of subpoena |
| | 1/30/09 | .1 | review & digest deposition |
| | 2/11/09 | .1 | review & digest deposition |
| | 3/11/09 | .1 | tel. conf./service of subpoena |
| | 4/3/09 | .2 | review & digest deposition |
| | 4/15/09 | .3 | review & digest deposition |
| | 4/30/09 | .2 | review & digest deposition |
| | 12/10/08 | .75 | review & digest deposition |
| | 12/29/08 | .4 | letter re: subpoenas |
| | 1/6/09 | .2 | schedule depositions |
| 23 | 3/4/11 | 2.5 | review files |
| | 3/24/11 | .4 | review & proofread billing records |
| | 3/2/11 | .1 | e-file Rule 68 acceptance |
| 720 | 2/19/10 | .2 | prepare & fax letter re: conference call |

---

9.  Indeed, by virtue of the supplemental filing, Plaintiff's counsel concedes most if not all of this work should have been billed at a reduced rate of $100 less than the standard billing rate.

Lastly, the Court will reduce the 18 hours expended by Ms. Vigilante in preparing the Complaint to 10 hours. The Court finds this reduction adequately reflects a reasonable amount of time for an attorney with Ms. Vigilante's years of experience to file the original Complaint in this case.

    d. *Administrative Proceeding*

Defendants also oppose Plaintiff's attempt to recover fees for his attorney, Ms. Vigilante, for time spent representing Plaintiff during his administrative proceedings. Defendants argue that compensation under § 1988 for work performed on optional administrative proceedings is the exception, not the rule. Defendants argue that Plaintiff was not obligated to pursue an administrative action to advance his litigation and the proceedings did not advance the litigation as the decision rendered by the administrative law judge was ultimately rejected by Washington Township. Additionally, Defendants argue, to the extent Plaintiff claims the work is compensable because it was necessary for Plaintiff to engage in the proceedings in order to show cause to obtain a tape recording which was relevant to his case, Defendants aver that the tape would have been available during discovery.

Conversely, Plaintiff argues that the hearing was necessary to get the charges against him dismissed and to gain reinstatement. Plaintiff argues that the administrative law judge recommended this relief, however, the recommendation was rejected by Washington Township in a continued effort to allegedly violate Plaintiff's

14

civil rights.  Plaintiff argues that the administrative hearing was useful in establishing the unlawful conduct and preserving testimony which demonstrated the violation of Plaintiff's rights. Plaintiff argues that the testimony and evidence helped advance this litigation.

It is well within the discretion of the court to deny a requests for fees under § 1988 for time expended on an optional administrative proceeding.  *Clark v. Board of Educ. Of Twp. of Neptune*, 907 F. Supp. 826, 829 (D.N.J. 1995)(citing *Webb v. Board of Educ. of Dyer Co.*, 471 U.S. 234, 244 (1985)).  However, an exception has been carved out for a plaintiff who "establishes that a 'discrete portion of the work product from the administrative proceeding was work that was both useful and of a type ordinarily necessary to advance the civil rights litigation ...'" *Id.* (citing *Webb*, 471 U.S. at 243).  The burden remains on the prevailing party to establish their entitlement to fees in connection with an administrative proceeding.  *Clark*, 907 F. Supp. at 830.  In *Webb*, the Court held that the district court correctly excluded all of the time expended on school board proceedings which included the time spent examining witnesses, opposing arguments, investigating and researching in connection with a school board proceeding. *Webb*, 471 U.S. at 242-243.  The Court in *Webb* emphasized that the time "compensable under § 1983 is that 'reasonably expended *on the litigation*.'"  *Webb*, 471 U.S. at 242 (emphasis in original).  The Court specifically pointed to the fact that the petitioner in that

case made no attempt to point to any discrete portion of the work product which may have been both useful and necessary to advance the civil rights litigation but instead sought compensation for all time expended.  *Webb*, 471 U.S. at 243.

Here, the Court finds that Plaintiff has not established that he is entitled to fees in connection with the administrative hearing because he has not demonstrated that all the time expended was both useful and of the type ordinarily necessary to advance this litigation.  For instance, Plaintiff has not articulated, other than in a conclusory fashion, how the favorable recommendation from the administrative law judge, which was ultimately rejected, was useful and ordinarily necessary to advance this litigation.  While Plaintiff avers that the hearing helped to preserve testimony and evidence which was later used during this litigation, this argument is similar to the argument proffered, and ultimately rejected, by the Plaintiff in *Webb* who attempted to justify compensation for *all* time expended during the administrative process.  Indeed, instead of trying to identify discrete portions of the administrative proceeding which may have been both useful and necessary to advance this litigation, Plaintiff seeks blanket compensation for all time expended.  This approach was considered, rejected by a lower court and upheld by the *Webb* Court.  For example, as noted in Plaintiff's attorney's billing entry, Plaintiff seeks compensation for time expended sending "correspondence to client re: return of equipment." (*See*

Pl. Reply Br. Ex. EE.)  The Court cannot ascertain how the return of Plaintiff's equipment was useful and ordinarily necessary to advance this litigation.[10]   Accordingly, because the Court finds that Plaintiff has failed to establish that all work expended on the administrative proceeding was both useful and ordinarily necessary to advance this litigation, the time is not compensable under § 1988.

     e. *Dual Attendance & Duplicative Tasks*

     Defendants object to certain billing entries as duplicative. Specifically, Defendants object to two attorneys attending depositions, oral arguments and the pretrial conference. Alternatively, Defendants argue that the second attorney should be billed at an associate rate.  Plaintiff argues that they have not unreasonably duplicated efforts but if the Court were to find otherwise then, at most, the Court should reduce the rate of the second attorney.  A reduction for duplication of work is only appropriate if the attorneys are unreasonably doing the same work. *Rode v. Dellarciprete*, 892 F.2d 1177, 1187 (3d Cir. 1990).  The Court has reviewed the disputed entries and based on a comparison of Ms. Vigilante's entries and Plaintiff's Exhibit GG and Appendix J, the reasonable hourly rate for Mr. Lamar for his attendance at depositions and conferences that Ms. Vigilante also attended is

_____

10.  There are many examples of time expended which does not appear useful and ordinarily necessary to advance this litigation, other examples are: (1) "correspondence to John Eastlack re: in response to uniform and gear" and (2) "correspondence to client re: advising of hearing date."  (*Id.*)

$250. To this end, the Court finds the following entries unreasonably duplicative:

| Date | Rate | Reasonable Time | Description |
|---|---|---|---|
| 3/30/09 | $250 | 2.2 | Dep. of Alston; **3.3 hours excluded as duplicative of Ms. Vigilante** |
| 3/31/09 | $250 | 5.1 | Dep. of Player |
| 6/15/09 | $250 | 3.4 | Dep of Condit & Altamuro; **billable time reduced by 7 hours as vague.  In addition Ms. Vigilante's bills indicate that she prepared for the deposition of Altamuro** |
| 6/16/09 | $250 | 4.9 | Dep. of Muniz & Brecht; **billable time reduced by 3.1 hours as duplicative of Ms. Vigilante** |
| 2/9/10 | $250 | 3.0 | Dep. of Mircun & Rodgers; **billable time reduced by 7.5 hours as vague** |
| 12/16/10 | $250 | 1.0 | Attend pretrial conf. |
| 2/27/11 | -- | 0 | **Reduced by 3.2 hours as duplicative of research on Rule 68 offers since the work was performed by Ms. Vigilante and her associate as reflected in Inv. # 23 pages 1 & 2** |

    f. *Travel Time*

With regard to travel time, Defendants argue that the time should be compensated at a 50 percent discounted rate.  Plaintiff does not seem to oppose this argument but argues that if legal tasks were performed during the commute then counsel is entitled to his or her full rate.

Courts look to the practice in the local community to

18

determine how to compensate an attorney for travel time. *Interfaith Community Organization*, 426 F.3d at 711.  In this community, travel time is compensable at the full rate if legal work is performed during the commute, however, the rate is reduced by 50 percent if the attorney did not perform legal tasks. *Glass v. Snellbaker*, No. 05-1971, 2008 WL 4416450, at *9-10 (D.N.J. Sept. 23, 2008); *Posa v. City of East Orange*, No. 03-233, 2005 WL 2205786, at * 5-6 (D.N.J. Sept. 8, 2005).  Accordingly, since Plaintiff's counsel has not pointed to travel time wherein legal work was performed, travel time will be compensated at half the rate.  The following chart reflects the travel time to be reduced by half or to $175 per hour.[11]

| Invoice # | Date | Time Billed |
|-----------|------|-------------|
| JV 641 | 1/16/08<br>11/20/08<br>12/22/08<br>3/23/09<br>8/19/09 | .8<br>.5<br>.8<br>.8<br>.8 |
| JV 720 | 2/4/10<br>29/10<br>2/19/10<br>12/16/10 | .2<br>3.2<br>1.6<br>.8 |
| RL | 8/19/09<br>12/16/10 | 1.1<br>1.6 |

g. *Mediation*

Defendants also object to Plaintiff's attempt to recoup fees related to the mediation arguing that Plaintiff and Defendants

---

11.  Here again, as reflected in her supplemental submission, Ms. Vigilante concedes to a one half reduction in rate.

agreed to share the cost of mediation. Defendants cite *Atl. City Assocs. LLC v. Carter & Burgess Consultants, Inc.*, No 05-3227, 2010 WL 1371938 (D.N.J. March 31, 2010) for the proposition that the Plaintiff is bound by this agreement and, therefore, is not entitled to fees or costs incurred from mediation. Plaintiff argues that he did in fact split the cost of mediation, but that in no way precludes fees, in connection with the preparation and attendance, and costs. Further, Plaintiff argues, and the Court agrees, that *Atl. City Associates LLC* is wholly distinguishable from this case. First, as Defendants indicate, in this case, the parties agreed to "split the cost" of mediation as opposed to *Atl. City Associates LLC* wherein the parties entered into a mediation agreement wherein they agreed to bear their own counsel fees, costs for experts and costs and expenses incurred in preparing for and/or participating in mediation. *Atl. City Assocs. LLC*, 2010 WL 1371938, at *6. The court in *Atl. City Associates LLC* found that the parties were bound by the agreement, however, there is no such agreement before this Court. As such, Plaintiff is not estopped from seeking fees associated with the mediation and, since the reasonableness of the fee sought is not otherwise disputed, Plaintiff shall be compensated for all hours expended.

**3. <u>Adjustment to the Lodestar</u>**

Defendants also argue that the lodestar amount should be reduced to reflect Plaintiff's limited success. Defendants argue that although their offer of judgment applied to all Defendants it

is not germane to the determination of the degree of success obtained by Plaintiff. Instead, Defendants urge that the Court must look to the amount of damages sought in this case versus the amount of damages ultimately recovered. In this vein, Defendants argue that Plaintiff was seeking a settlement worth $1,625,900 and only recovered $75,000, approximately 4.6 percent of the damages sought, therefore, the lodestar should be reduced by 90 percent. In response, Plaintiff argues that he recovered a judgment as to all Defendants and, as such, was successful on all claims. Further, Plaintiff argues if the Court evaluates the damages sought versus the award achieved it should consider Plaintiff's most recent settlement demand in the amount of $400,000 inclusive of attorneys' fees. Plaintiff avers that since he has recovered $75,000 and seeks in excessive of $400,000 in attorneys' fees, he will potentially receive more having accepted the offer of judgment.[12] Of course, this argument presumes the Court will grant the attorneys' fee application in its entirety.

As noted earlier herein, once the lodestar amount is determined, it is within the discretion of the court to make adjustments to the lodestar. *Hensley,* 461 U.S. at 434. The court may adjust the lodestar downward where a plaintiff, although a prevailing party, achieves only limited success. *See Id.* at 434. In cases where there are different claims based upon different

---

[12]. Plaintiff further argues that if his success is viewed in accordance with Judge Irenas' finding that he was only entitled to $270 in compensatory damages, he has achieved a tremendous success.

facts and theories, an attorney's work on one claim may be distinct from another claim, therefore, fees on any unsuccessful claims should not be awarded.  *Id.* at 434-35.  Conversely, in cases where plaintiff's claims involve "a common core of facts" or related legal theories, it will be more difficult to divide the time expended, thus, in determining whether to downwardly reduce fees, the court "should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation."  *Id.* at 435.  In exercising its discretion to downwardly adjust the lodestar, the Court in *Hensley* instructed the courts that there is no precise rule for making an adjustment to a fee award but indicated that courts "may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success."  *Id.* at 436-37.

Here, in light of the results obtained by Plaintiff in this case, the court finds that a downward adjustment of the lodestar amount is appropriate.[13]  Plaintiff did not achieve total success

---

13.  In so finding, the Court will not utilize a purely mathematical approach to determine how the fee award should be reduced  but will take into consideration the initial relief sought by Plaintiff compared to the ultimate outcome.  *Washington*, 89 F.3d 1042 ("amount of damages *awarded*, when compared with the amount of damages *requested*, may be one measure of how successful the plaintiff was in his or her action ...").  Thus, the Court declines to reduce Plaintiff's fee award based upon the percentages offered by Defendants especially since, in considering the amount sought versus the amount recovered, it is not entirely clear whether the Court should utilize the amount of damages sought in the original Complaint versus later settlement demands or, in this case, the limitation of compensatory damages to $270.  *See Velius v. Township of Hamilton*, 754 F. Supp. 2d 695, 699 n. 12 (D.N.J. 2011)("Neither *Farrar* nor *Jama* clarify whether the extent of success is measured by the original complaint or, rather, by the claims that were actually submitted to the jury.").

in this litigation.  While Plaintiff ultimately accepted an offer of judgment as to all Defendants to settle this matter, Plaintiff filed a twelve count Complaint against seven Defendants and after summary judgment, he was left with four counts and four Defendants.[14]   Morever, throughout most, if not all, of this litigation, Plaintiff sought reinstatement with the Washington Township Police Department which he was unable to obtain.  It is not necessarily significant that the prevailing party did not receive all the relief requested or prevail on every contention raised in the complaint but, here, the Court cannot turn a blind eye to the fact that Defendants were quite successful in limiting the claims which would have been presented to a jury at trial had this case not settled.  Further, besides a monetary award, Plaintiff received none of the other relief he sought.  Thus, Plaintiff's fee award should be reduced to reflect this.  However, although the Court finds that it is reasonable to adjust the fee award by simply reducing the award to account for the limited success as opposed to identifying specific hours to be eliminated, the Court does not find a 90 percent reduction of the fee award reasonable as suggested by Defendants.  Indeed, it is of great import that when faced with the fact that most of his claims were extinguished and the prospect that his compensatory damages would be limited to $270, Plaintiff still secured a settlement of $75,000.  As such, the Court finds that the fee award shall be

---

14.  Summary judgment was also granted in part as to the remaining counts.

23

reduced by 20 percent to account for the diminished success in this matter.

As such, the amount of attorneys' fees and costs shall be as follows:

| Attorney | Approved Hourly Rate | Approved Hours | Lodestar Amount | Lodestar less 20% reduction |
|---|---|---|---|---|
| RL | $350 | 108.7 | $38,045 | |
| | $250 | 24.8 | $6,200 | |
| | $175 (travel) | 2.7 | $472.50 | |
| | | | $44,777.50 | **$35,774** |
| JV | $350 | 643.10 | $225,085 | |
| | $250 | 14.55 | $3,637.50 | |
| | $175 (travel) | 11.3 | $1,977.50 | |
| | | | $230,700 | **$184,560** |
| Associate | $150 | 21.4 | $3,210 | **$2568** |
| Paralegal | $85 | 83.9 | $7,131.50 | **$5705.20** |
| Total | | | | **$228,607.20** |

## 4. **Costs**

Defendants also object to an award of "deposition costs" and private investigation fees.[15]   Further, Defendants argue that the

---

15.  Defendants also argue that Plaintiff is not entitled to costs for the mediation or administrative proceedings.  This Court has already found that Plaintiff is entitled to his attorneys' fees in connection with the mediation. However, based on the parties agreement to "split the costs" of mediation, Plaintiff is not entitled to recover one half of the mediator's fee. Additionally, the Court found that Plaintiff was not entitled to a fee award with regard to the administrative proceedings, as such, Plaintiff is not entitled to an award of costs related to the administrative proceedings. Consequently, Plaintiff is not entitled to recover the cost of the private

total costs should be reduced based upon Plaintiff's failure to achieve total success, however, Defendants cite no binding case law to support this argument.[16]  Plaintiff argues that the costs sought are reasonable and recoverable under § 1988 as all other costs have been included in his Bill of Costs.

Here, it appears that the only remaining issue is Defendants' general objection to "deposition costs" sought by Plaintiff.  While it is not entirely clear what specific objections Defendants lodge with regard to these costs, to the extent they are objecting to the deposition appearance fee of Dr. Cooke or the Rodgers Group, these costs are recoverable pursuant to § 1988.[17]  However, any remaining costs relating to depositions such as copies of video depositions, appear to be more appropriate for a Bill of Costs to be determined by the Clerk of the Court.  (*See* Cert. of Jacqueline M. Vigilante, Esquire, ¶ 22; Exh. J.)  Plaintiff seeks costs for Ms. Vigilante in the amount of $14,839.04 as contained in paragraph 22 of her certification, however, upon the Court's own calculations that

---

investigator associated with the administrative proceeding.

16.  It does not appear that this Court is required to and, as such will not, reduce costs simply because it adjusted the lodestar amount.  *Cf. Posa*, 2005 WL 2205786, at *6-*7.

17.  In its discretion, the court may award a prevailing party reasonable costs which are incidental and necessary expenses incurred in litigating claims under 42 U.S.C. § 1983.  *Posa*, 2005 WL 2205786, at *1, *7.  Taxable costs may be provided pursuant to 28 U.S.C. § 1920 while litigation expenses which are not taxable may be awarded as part of the reasonable attorney's fee pursuant to § 1988.  *Id.* at *7.  "[R]eproduction expenses, telephone expenses of the attorney, travel time and expenses of the attorney, and postage" are generally recoverable under 42 U.S.C. § 1988.  *Butler v. Frett*, No. 99-4367, 2006 WL 1806412, at *12 (D.N.J. June 29, 2006).  Costs associated with expert witnesses are also recoverable.  *Id.*

amount should be $14,783.94.  Moreover, the Court notes that the Court filing fee listed in that paragraph should have been included in Plaintiff's Bill of Costs[18], as such, that amount will not be included in the award granted via this petition.  As such, after reducing the $14,783.94 in costs sought by $9,254.10 to reflect the adjustments discussed herein, Plaintiff shall be awarded $5529.84 in costs for Ms. Vigilante.[19]  Because there does not appear to be any objection to Mr. Lamar's costs of 621.61, Plaintiff will be awarded this amount.  Accordingly, the total costs to be awarded to Plaintiff pursuant to § 1988 are $6151.45.  Therefore, the total fee award to Plaintiff is $234,758.65.

## IV.  Conclusion

For the foregoing reasons, on this **18th** day of **October, 2011**, this Court respectfully recommends that Plaintiff's Motion seeking attorneys' fees be granted in part and denied in part.  The fee award sought should be reduced to reflect a reasonable hourly rate, reasonable hours and a 20 percent downward reduction to reflect the degree of success obtained by Plaintiff.  Therefore, this Court

---

18.  Section 1920 provides: "A judge or clerk of any court of the United States may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily ob-tained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title." 28 U.S.C. § 1920.

19.  $9,254.10 is reflective of the following adjustments: Riggs Investigative Services; filing fee for US District Court; all Superior Legal Video costs; and Gerald Weinstein, JSC mediation service.

recommends a fee award in the amount of $234,758.65.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service pursuant to Federal Rule of Civil Procedure 72(b) and Local Civil Rule 72.1(c)(2).

s/ Karen M. Williams
KAREN M. WILLIAMS
UNITED STATES MAGISTRATE JUDGE

cc: Hon. Joseph E. Irenas