UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ERNEST M. D'ORAZIO, III,<br><br>      Plaintiff,<br><br>   v.<br><br>WASHINGTON TOWNSHIP, STEPHEN ROLANDO, JASON PLAYER, RICHARD SUMEK, RAFAEL MUNIZ, DENNIS SIMS, and PAUL MORIARTY,<br><br>      Defendants. | HONORABLE JOSEPH E. IRENAS<br><br>CIVIL ACTION NO. 07-5097<br>       (JEI/KMW)<br><br>**OPINION** |

**APPEARANCES:**

The Vigilante Law Firm, P.C.
By:  Jacqueline M. Vigilante, Esq.
99 North Main Street
Mullica Hill, NJ 08062
     and
Ralph Lamar, Esq.
376 Green Lane
Philadelphia, PA 19128
          Counsel for Plaintiff


Barker, Scott & Gelfand
By:  A. Michael Barker, Esq.
Linwood Greene - Suite 12
210 New Road
Linwood, NJ 08221
          Counsel for Defendants

**IRENAS**, Senior District Judge:

     This matter comes before the Court on the parties'

objections to Magistrate Judge Williams's Report and

Recommendation (Dkt. No. 142) regarding Plaintiff's Motion for

1

Attorneys' Fees and Costs.[1]  (Dkt. No. 123)

## I.

Plaintiff, Ernest D'Orazio, III, brought this suit against Defendants Washington Township, Paul Moriarty, the former mayor of Washington Township, Rafael Muniz, then chief of the Washington Township Police Department, Stephen Rolando, Jason Player, Richard Sumek and Dennis Sims.[2]  (*See* Opinion 2, Oct. 7, 2010, Dkt. No. 105)  Plaintiff's suit arises out of his failure to be promoted from Special Law Enforcement Officer ("SLEO") to a full-time law enforcement officer, the investigation and his termination from the Washington Township Police Department.  (*Id.* at 1-2)  Plaintiff claims that Defendants' actions were discriminatory and in violation of his civil rights and, to that end, asserted claims under 42 U.S.C. § 1983 for violation of his First Amendment rights as well as claims for civil conspiracy. (*Id.* at 2)

Defendants filed a Motion for Summary Judgment, which this Court granted in part and denied in part.  (*See* Opinion & Order, Oct. 7, 2010, Dkt. Nos. 105 & 106)  As a result, eight out of the

_____

[1] The Court adopts many passages from Magistrate Williams's well-reasoned Report and Recommendation verbatim.  (*See generally* Report & Recommendation, Oct. 18, 2011, Dkt. No. 142)

[2] The Court recounts only the facts relevant to this Opinion.  For a full recitation of the facts and procedural history see this Court's Opinion of October 7, 2010, Dkt. No. 105.

twelve claims in the First Amended Complaint were dismissed along
with Defendants Washington Township, Paul Moriarty and Dennis
Sims.  (*See* Order ¶ 1, Dkt. No. 106)  Additionally, of the
remaining four claims, summary judgment was granted in part to
the extent that those claims were not related to the
investigation of Plaintiff and his dismissal from the Washington
Township Police Department.  (*See* Order ¶ 2)

This Court found that although Plaintiff sought "back pay,
front pay and/or reinstatement" in his First Amended Complaint,
"Plaintiff has asserted no basis upon which he could be
reinstated as an SLEO or would be due front pay."  (*See* Opinion
at 20-21 n.9)  Moreover, the "maximum amount of compensatory
damages available to Plaintiff is $270 in back pay."  (*Id.*)
Thereafter, Plaintiff sought reconsideration of this Court's
finding that the wage loss claim was limited to $270; however,
this Court denied the motion.  (*See* Order ¶¶ 1 & 5, Nov. 15,
2010, Dkt. No. 112)

Prior to the commencement of trial, Defendants made an Offer
of Judgment to Plaintiff in the amount of $75,000, which
Plaintiff accepted.  (*See* Notice of Acceptance with Offer of
Judgment, Dkt. No. 118)  On March 22, 2011, this Court entered an
Order of Judgment in which Defendants were to pay Plaintiff
$75,000 in accordance with Defendants' Rule 68 Offer of Judgment
by April 1, 2011 or judgment would be entered in favor of

Plaintiff.  (*See* Order of Judgment, Mar. 22, 2011, Dkt. No. 121)
The Order further indicated that "Plaintiff is entitled to an
award of reasonable attorneys' fees and costs to be determined by
this Court."  (*See id.*)

On October 18, 2011, Judge Williams issued a Report and
Recommendation on Plaintiff's Motion for Attorneys' Fees and
Costs.  (*See* Report & Recommendation, Oct. 18, 2011, Dkt. No.
142)  Judge Williams awarded Plaintiff a total of $228,607.20.
The parties have objected to many of Judge Williams's findings.

## II.

This Court reviews the Magistrate's Report and
Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P.
72(b)(3).  "A judge of the court shall make a de novo
determination of those portions of the report or specified
proposed findings or recommendations to which objection is made.
A judge of the court may accept, reject or modify, in whole or in
part, the findings or recommendations made by the magistrate
judge."  28 U.S.C. § 636(b)(1).  Where no objection has been
made, this Court is bound by the clearly erroneous standard.  *See*
*N.L.R.B. v. Frazier*, 966 F.2d 812, 816 (3d Cir. 1992).

## III.

"In any action . . . to enforce a provision of section[]. .

4

. 1983 . . . of [Title 42]. . . the court in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs."  42 U.S.C. § 1988.  Upon determination that a plaintiff is a prevailing party and is entitled to an award of attorneys' fees, the Court must then decide upon a reasonable award of fees and costs.

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  This approach is otherwise referred to as the lodestar and "is strongly presumed to yield a reasonable fee."  *Washington v. Philadelphia Cnty. Ct. Of Common Pleas*, 89 F.3d 1031, 1035 (3d Cir. 1996).  Once the lodestar is determined, the court may, in its discretion, adjust the lodestar for many reasons, one important reason being the results obtained by the prevailing party.  *Hensley*, 461 U.S. at 434; *McKenna v. City of Philadelphia*, 582 F.3d 447, 455-59 (3d Cir. 2009).

The burden is on the fee-applicant to establish a prima facie case.  *Hensley*, 461 U.S. at 437.  If a prima facie case is established, the opposing party bears the burden of presenting contrary evidence.  *See Lanni v. New Jersey*, 259 F.3d 146, 149 (3d Cir. 2001).

As an initial matter, Plaintiff is a prevailing party for

5

the purposes of § 1988.  Plaintiff settled in the amount of $75,000, which cannot be fairly characterized as a *de minimis* success.  Therefore, Plaintiff is entitled to a reasonable attorneys' fee.

With regard to the amount of a reasonable attorneys' fee, the Court must first establish a reasonable hourly rate and multiply that rate by the hours reasonably expended on the litigation.  While the majority of the legal reasoning contained in the Report and Recommendation is sound, the Court disagrees with some of the Magistrate's conclusions.

### A.

"The general rule is that a reasonable hourly rate is calculated according to the prevailing market rates in the community."  *Washington,* 89 F.3d at 1035 (citing *Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984)).  While the entire District of New Jersey has been found to be the relevant legal community in some cases, *see, e.g., Public Interest Research Grp. of New Jersey, Inc. v. Windall*, 51 F.3d 1179, 1185-1188 (3d Cir. 1995), other cases have established southern New Jersey to be the relevant legal community.  *See, e.g., Employers Ins. Co. of Wausau v. Harleysville Ins. Co.*, 2008 WL 5046838, *4 (D.N.J. 2008).  In this case, the Court agrees with Judge Williams that the relevant legal market is southern New Jersey.  (*See* Report &

6

Recommendation 5-6, Dkt. No. 142)

Although it is by no means conclusive, the fee applicant's customary billing rate is an appropriate place to start in determining the prevailing market rate.  *See A.V. v. Burlington Twp. Bd. of Educ.*, 2008 WL 4126254, *5 (D.N.J. 2008).  Plaintiff originally sought an hourly rate of $405 for Jacqueline M. Vigilante, Esquire and $400 for Ralph E. Lamar, Esquire.  Plaintiff contended that these attorneys customarily charged these hourly billing rates.

In response, Defendants noted that Ms. Vigilante actually billed these Defendants for administrative work at the hourly rate of $150 and that rate should be deemed Ms. Vigilante's customary rate.  Moreover, Defendants argued that a reasonable hourly rate in the southern New Jersey market was in the range of $125-250.  Both parties submitted numerous affidavits from practicing attorneys to buttress their positions.

In the Report and Recommendation, Magistrate Williams found that Plaintiff failed to carry his burden for an hourly rate of $405 and $400 and awarded a fee at the hourly rate of $350 for both attorneys.[3]  (*See* Report and Recommendation at 10, Oct. 18, 2011, Dkt. No. 142)  Magistrate Williams noted that two of Plaintiff's affiants, Carmen Matos, Esquire and Lorrie McKinley,

_____

[3] Although the rate actually billed would normally be appropriate, administrative work is not comparable to the complexity of civil rights work in District Court.  (*See* Report & Recommendation 8, Dkt. No. 142)

7

Esquire, practiced in the Philadelphia area, not southern New Jersey.  These affidavits submitted on the reasonableness of a fee in the Philadelphia market is not particularly relevant to the reasonableness of a fee in southern New Jersey.

This Court is faced with a daunting task.  Determining a reasonable hourly rate for a plaintiffs' civil rights and employment litigation attorney of similar skill and experience to Plaintiffs' attorneys in southern New Jersey retained on a contingent basis is difficult.  There are too many variables to find an exact match.  The matter is all the more difficult considering most comparable work is done on a contingent basis. To assign a court the task of determining a reasonable hourly fee for a legal market that tends to avoid charging clients at hourly rates really asks the Court to set the market with little guidance.  Indeed, prior cases are not even particularly instructive as fees fluctuate to keep pace with inflation and changing market conditions.  Affidavits of practicing attorneys are often also unhelpful because plaintiff attorneys often do not charge hourly rates, but also have self-interest in setting judicially appointed rates as high as possible.  Alas, the lodestar is the framework for assigning an attorney's fee in this Circuit and this Court is bound to employ that analysis.

Predictably, the parties here have submitted conflicting

affidavits on the reasonableness of attorneys' hourly rates.[4]  On the one hand, Plaintiff submits affidavits from Alan Schorr, Esquire and Kevin Costello, Esquire indicating that they bill $400 and $450 respectively for similar work.  However, both attorneys indicate that the legal market bears lower fees: "I am aware that most employment litigators practicing at my level are billing at rates of $350 and higher."[5]  (Schorr Aff. ¶ 8, Dkt. No. 123-7; Costello Aff. ¶ 8, Dkt. No. 123-7)[6]  Furthermore, the affidavits do not indicate what type of work fetches fees of $400 and $450.  Presumably, the only apt comparison, as Plaintiff strenuously argues, are plaintiff side civil rights and employment cases taken on a contingent basis.  However, the affidavits do not indicate the allegedly comparable fee is charged for that type of work.

In response, Defendants have submitted numerous affidavits from attorneys practicing in southern New Jersey that a reasonable attorneys' fee would be, at most, $250 an hour.  For

---

[4] Of all the affidavits submitted, no attorney appears to be directly comparable to Plaintiff's attorneys in all relevant categories.  Plaintiff takes particular issue with Defendants' affidavits because the attorneys were not plaintiff side attorneys working on a contingent basis.  However, Plaintiff's evidence fares no better.  There is no indication that the affidavits Plaintiff submitted were of attorneys working on a contingent basis.

[5] It is unclear whether these attorneys bill their respective hourly rates for plaintiff side litigation.  Moreover, the $350 hourly rate appears to be speculative hearsay.

[6] The Court can quote both affidavits at the same time because the language is identical.

example, Arthur Murray, Esquire, seven years the junior of Ms. Vigilante, charges $250 per hour for plaintiff side employment and civil rights litigation.  (*See* Murray Aff., Dkt. No. 133-4) Michael Barker, Esquire, twelve years Ms. Vigilante's senior, charges between $135 and $250 for employment discrimination litigation.  (*See* Barker Aff., Dkt. No. 133-5)  Although Defendants submitted several other affidavits, it is not clear whether those attorneys' hourly rates were for plaintiff or defense side litigation.[7]  (*See generally* Affs., Dkt. Nos. 133-1 to 133-3)

Although Plaintiff arguably has set forth evidence to establish a prima facie case, this Court credits Defendants' submissions, which indicate that the maximum reasonable hourly rate in southern New Jersey for work comparable to Plaintiff's attorneys is $250.  The Court will, therefore, award Ms. Vigilante and Mr. Lamar each an hourly rate of $250.

Defendants have not presented evidence to contradict the hourly rates for Ms. Vigilante's associate or for Ms. Vigilante's paralegal.  Therefore, this Court affirms the Report and Recommendation finding that the rates of $150 for the associate and $85 for the paralegal were reasonable.  (*See* Report & Recommendation at 6 n.6, Oct. 18, 2011, Dkt. No. 142)

---

[7] Defense attorneys could charge less than their plaintiff counterparts because their fees are a sum certain whereas representing plaintiffs are contingent upon victory.

**B.**

The next step in the lodestar calculation is to determine the amount of hours reasonably expended on the litigation.  In calculating the hours reasonably expended, the court should review the time spent, determine its reasonableness and exclude any hours that are "excessive, redundant or unnecessary." *Maldonado v. Houstoun*, 256 F.3d 181, 185 (3d Cir. 2001) (citing *Windall*, 51 F.3d at 1188).  The applicant retains the burden to justify the fee and courts have an affirmative function in the fee fixing process.  *See L.J. v. Audubon Bd. Of Educ.*, 2009 WL 995458, *13 (D.N.J. 2009).

Magistrate Williams concisely organized Plaintiff's attorneys' total permissible billable hours.  (*See* Report & Recommendation at 24, Oct. 18, 2011, Dkt. No. 142)  While this Court agrees with all of Magistrate Williams's deductions, the hours are still excessive and should be further reduced.

Plaintiff has made several objections to the Magistrate's calculations.  However, this Court cannot correctly ascertain whether the Magistrate's calculations were correct without an independent analysis of the Magistrate's figures.  Although this Court is bound by the clearly erroneous standard where no objection to the Report and Recommendation has been made, *see Frazier*, 966 F.2d at 816, Plaintiff's allegations of miscalculation will be treated as objections.  Therefore, the

11

Court will review those sections in which Plaintiff alleges a miscalculation de novo.

## 1.

As a preliminary matter, any alleged miscalculation is understandable considering Plaintiff did not present anything resembling a table or otherwise show the work behind his mathematical calculations.  Indeed, in the original fee application, the reader must digest pages of computer generated excel sheets without ever arriving at a computation of total hours broken down by employee.[8]  (*See* Pl.'s Mot. for Fees Ex. I, Dkt. No. 123-11)  Plaintiff did not even provide a total compensable hour total for Ms. Vigilante in his Motion or Reply Brief.

It was not until the Objection to the Report and Recommendation that Plaintiff submitted an excel sheet, which asserted that Ms. Vigilante's total compensable hours were 826.15.  (*See* Pl.'s Objs. to Report & Recommendation Appx. 2, Dkt. No. 146)  This hour total is significantly higher than Judge Williams's calculations.  Therefore, the Court will review the total hours expended de novo.

To obtain the correct starting point, the Court will add

---

[8] Astonishingly, the program has apparently added paralegal and partner hours all in one lump sum at the end.  Plaintiff makes no attempt to further explain or organize this raw data.

Plaintiff's hours between the dates of October 18, 2007 - the date Plaintiff started to work on the Complaint - and April 14, 2011 - the date of the original Motion for Attorneys' Fees.[9] (*See* Pl.'s Mot. Attys' Fees Ex. I, 2-34, Dkt. No. 123-11) Excluded by these dates are the hours expended on the administrative hearing and those hours that accrued after the Motion for Attorneys' Fees.[10]

According to this Court's calculations, Ms. Vigilante's total hours are 711.65.[11]  There is no dispute that Mr. Lamar's total hours are 160.4.  The Court adopts the Report and Recommendation as to the hours of the associate and paralegal in full because the parties have not objected.[12]

### 2.

The Court must now determine which hours can be excluded

---

[9] Left without recourse, this Court must add the thirty pages of computer generated excel sheet numbers by hand.

[10] The Court explains the exclusion of hours expended on the administrative hearing further *infra*.  In addition, this Court will not entertain an application for more unreasonable hours spent in bringing this Motion for Attorneys' Fees.

[11] This roughly corresponds to Ms. Vigilante's number without the administrative hearing hours (826.15-110.4 = 715.75).  *See infra* Part III.B.2.

[12] The hours are 21.4 for Ms. Vigilante's associate and 83.9 hours for Ms. Vigilante's paralegal.  Although Plaintiff submits different numbers in an appendix, he makes no reference to those numbers in the body of the brief. (*See* Pl.'s Objs. to Report & Recommendation Appx. 2, Dkt. No. 146)  The Court cannot treat this as an objection because no basis for the objection has been given.

completely or compensated at a lower rate.  First, Plaintiff objects to the Report and Recommendation's elimination of all 110.4 hours expended on the administrative hearing.

It is well within the discretion of the court to deny a request for fees under § 1988 for time expended on an optional administrative proceeding.  *Webb v. Bd. of Educ. of Dyer Co.*, 471 U.S. 234, 244 (1985).  However, an exception has been carved out for a plaintiff who "establishes that a 'discrete portion of the work product from the administrative proceeding was work that was both useful and of a type ordinarily necessary to advance the civil rights litigation.'" *Clark v. Bd. of Educ. of Twp. of Neptune*, 907 F.Supp. 826, 829 (D.N.J. 1995) (citing *Webb*, 471 U.S. at 243).  Plaintiff must prove that "the fees and expenses incurred in the other litigation resulted in work product that was actually utilized in the instant litigation, that the time spent on other litigation was 'inextricably linked' to the issues raised in the present litigation," and then "the district court may include those fees and expenses in its fee award." *Gulfstream III Associates, Inc. v. Gulfstream Aerospace Corp.*, 995 F.2d 414, 420 (3d Cir. 1993).  The burden remains on the fee applicant.  *Clark*, 907 F.Supp. at 830.

As set forth at length in the Report and Recommendation, Plaintiff has not carried his burden for compensation in the administrative proceedings.  (*See* Report & Recommendation 14-17,

14

Dkt. No. 142)  Plaintiff has not established any "inextricable link" between the administrative proceeding and the civil rights litigation. *Gulfstream*, 995 F.2d at 420.  Nor has Plaintiff divided the hours at the administrative hearing into compensable and non-compensable time.  Although Plaintiff objects to the Report and Recommendation on the basis that Magistrate Williams should have deemed some of the time compensable, Plaintiff carries the burden - not the Court - to highlight compensable hours.  Accordingly, the Court fully adopts Magistrate Williams's Report and Recommendation with respect to denying the fee application for time spent during the administrative hearing.

## 3.

The Court next turns to the allegations of miscalculation for excluded hours.  For the reasons that follow, the Court agrees with the Report and Recommendation except in the categories of vague entries, dual attendance and travel time.  Although the Court will only address these three categories substantively, the Court has independently rechecked all the mathematical calculations.

With regard to vague entries, a fee petition must be sufficiently specific "to determine if the hours claimed are unreasonable for the work performed." *Washington*, 89 F.3d at 1037 (quoting *Rode v. Dellarciprete*, 892 F.2d 1177, 1190 (3d Cir.

15

1990).  However, Plaintiff has applied for large chunks of time with only a brief description of how the time was allocated. Furthermore, Plaintiff describes work done over several days identically.  The Court has supplemented the Report and Recommendation with regard to excludable vague time entries as follows:

**VIGILANTE'S VAGUE TIME ENTRIES**

| DATE | TIME BILLED | DESCRIPTION | Time Allowed | REASON |
|------|-------------|-------------|--------------|--------|
| 4/5/10 | 4.6 | Digest administrative proceedings | 1 | Digestion is a vague concept |
| 4/6/10 | 5.9 | Digest administrative proceedings | 1 | Same |
| 4/12/10 | 8.0 | Further review of administrative hearings | 0 | More reviewing is vague and excessive |
| 4/17/10 | 12.0 | Review deposition digests | 0 | Insufficient detail and duplicative |
| 4/18/10 | 8.0 | Review deposition digests | 0 | Same |
| 4/19/10 | 9.2 | Preparation of draft response to factual statement | 3 | Excessive hours and insufficient detail |
| 4/20/10 | 13.7 | Same | 2 | Same |

16

| 4/21/10 | 4.1 | Same | 0 | Excessive for the work described |
|---------|-----|------|---|---------------------------------|
| 4/22/10 | 12.0 | Continued preparation of facts | 0 | Same |
| 4/23/10 | 8.0 | Same | 0 | Same |
| 4/23/10 | 8.0 | Same | 0 | Same |
| 4/24/10 | 5.0 | Review and revision to supplemental factual statement | 0 | Same |
| 4/25/10 | 9.0 | Review of statement of facts | 0 | Same |
| 4/26/10 | 15.0 | Legal research and preparation of brief | 5 | Insufficient detail |
| 4/27/10 | 11.4 | Legal research | 3 | Same |
| 4/28/10 | 16.1 | Preparation of brief and client declaration | 4 | Same |
| 4/29 | 16.0 | Final review of document | 8 | Good detail, but excessive |
| **TOTAL:** | 166 | | 27 | |
| **TOTAL ELIMINATED:** 166–27 = **139** | | | | |

With respect to dual attendance, this Court had trouble identifying which hours the Magistrate intended to exclude and which hours were reasonable.  The Court thus reviewed the calculations de novo.  (*See* Pl.'s Mot., Vigilante's Invoices, Ex. I, 1-34, Dkt. No. 123-11; Pl.'s Mot., Decl. Mr. Lamar, Ex. C, 9-16, Dkt. No. 123-6)

17

"A reduction for duplication 'is warranted only if the attorneys are unreasonably doing the same work.'" *Rode v. Dellarciprete*, 892 F.2d 1177, 1187 (3d Cir. 1990) (quoting *Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988) (emphasis omitted). Each Mr. Lamar and Ms. Vigilante have over twenty years of experience.  Attendance by both these experienced partners at depositions and mediation was unreasonable in a civil rights case of this complexity.  The Court has reduced the hours for duplicative work as follows:[13]

**DUPLICATIVE WORK**

| DATE | VIGILANTE | LAMAR | TIME EXCLUDED |
|------|-----------|-------|---------------|
| 3/30/09 | 5.7 | 5.5 | 5.5 |
| 3/31/09 | 5.1 | 5.1 | 5.1 |
| 6/15/09 | 8.5 | 10.0 | 8.5 |
| 6/16/09 | 8.5 | 8.0 | 8.0 |
| 2/4/10 | 7.6 | 7.8 | 7.6 |
| 2/9/10 | 11.2 | 10.0 | 10.0 |
| 12/16/10 | 1.8 | 2.6 | 1.8 |
| 2/27/11 | many hours | 3.2 | 3.2 |
| **TOTAL:** | | | 49.7 |

With respect to travel time, the Court has found several further entries that require a reduction.  Courts look to the

---

[13] For an explanation of the source and nature of the duplicative work see Report and Recommendation at 18, Dkt. No. 142.

practice in the local community to determine how to compensate an attorney for travel time. *Interfaith Comty. Org. v. Honeywell Intern., Inc.*, 426 F.3d 694, 711 (3d Cir. 2005).  In this community, travel time is compensable at the full rate if legal work is performed during the commute, however, the rate is reduced by fifty percent if the attorney did not perform legal tasks. *Glass v. Snellbaker*, No. 05-1971, 2008 WL 4416450, *9-10 (D.N.J. 2008).

Since Plaintiff's counsel has not pointed to travel time wherein legal work was performed, travel time will be compensated at half the rate.  The Court has estimated a forty-five minute commute each way for entries that lack specificity.  In addition, Plaintiff has conceded that Mr. Lamar spent 14.3 hours traveling, which the Court accepts as accurate. (*See* Pl.'s Obj. Report & Recommendation 15)  The following chart supplements the findings of the Report and Recommendation:

**TRAVEL TIME**

| DATE | TIME REDUCED | RATE ($) |
|------|-------------|----------|
| Total from the Report and Recommendation | **15.9**<br>Vigilante: 13.2<br>Lamar: 2.7 | 125 |
| 3/17/09 (Vigilante) | 1.5 | 125 |
| 6/15/09 (Vigilante) | 1.5 | 125 |
| 6/16/09 (Vigilante) | 1.5 | 125 |
| 3/17/09 (Vigilante) | 1.5 | 125 |

| | | |
|---|---|---|
| 2/9/10 (Vigilante) | 1.5 | 125 |
| Lamar | 14.3 (conceded) | |
| **TOTAL:** | **35.0**<br>Vigilante: 20.7<br>Lamar: 14.3 | 125 |

**4.**

To calculate the total reasonable hours expended on this litigation, the Court must subtract the non-compensable and semi-compensable hours from the total hours for which Plaintiff has applied.  To sum up, the total deductions accepted from the Report and Recommendation, and supplemented by this opinion, are as follows:

**TOTAL DEDUCTIONS**

| CATEGORY | VIGILANTE | LAMAR | RATE BILLABLE ($) |
|---|---|---|---|
| VAGUE ENTRIES | 139 | 11.1 | 0 |
| CLERICAL WORK | 9.5 | 0 | 0 |
| DELEGABLE BUT SEMI-COMPENSABLE | 6.15 | 0 | 125 |
| DELEGABLE AND NON-COMPENSABLE | 8 | 0 | 0 |
| ADMINISTRATIVE HEARING | 110.4 | 0 | 0 |
| DUAL ATTENDANCE | 24.85 | 24.85 | 0 |
| TRAVEL TIME | 20.7 | 14.3 | 125 |

20

| | | | |
|---|---|---|---|
| HOURS CONCEDED IN PLAINTIFF'S REPLY | 13.6 | 0 | 125 |
| **TOTAL NON-COMPENSABLE** | 181.35 | 35.95 | 0 |
| **TOTAL SEMI-COMPENSABLE** | 40.45 | 14.3 | 125 |

## C.

The following table represents the total fee calculation for Ms. Vigilante and Mr. Lamar:

**TOTAL FEES FOR MS. VIGILANTE AND MR. LAMAR**

| | **VIGILANTE** | **LAMAR** | **RATE** |
|---|---|---|---|
| **HOURS APPLIED** | 711.65 | 160.4 | 250 |
| **ELIMINATED HOURS** | 181.35 | 35.95 | 250 |
| **HALF-RATE HOURS** | 40.45 | 14.3 | 125 |
| **TOTAL FULL RATE HOURS** | (711.65 - 181.35 - 40.45) = 489.85 | (160.4 - 35.95 - 14.3) = 110.15 | 250 |
| **TOTAL HALF-RATE HOURS** | 40.45 | 14.3 | 125 |
| **TOTAL FEE** | (489.85 x 250) + (40.45 x 125) = $127,518.75 | (110.15 x 250) + (14.3 x 125) = $29,325 | |

The parties do not object to the Magistrate's computation of the fees assigned to the associate and paralegal. The associate was awarded $3,210 and the paralegal was awarded $7,131.50. Adding all these numbers together (127,518.75 + 29,325 + 3,210 +

7,131.50), the total lodestar amount is equal to $167,185.25.

**D.**

Magistrate Williams further reduced Plaintiff's fee application by twenty percent based on Plaintiff's minimal success. Plaintiff strenuously objects to that finding and argues that a downward adjustment is not permissible in a situation where, as here, Plaintiff has obtained a judgment against each Defendant on every claim. The Court disagrees.

The Court, in its discretion, may downwardly adjust the lodestar amount based on the party's success. Considering the complexity of civil rights litigation, "[t]hat the plaintiff is a 'prevailing party' [] may say little about whether the expenditure of counsel's time was reasonable in relation to the success achieved." *Hensley*, 461 U.S. at 436. "There is no precise rule or formula for making these determinations." *Id.*

In this case, Plaintiff has indeed obtained limited success. After this Court dismissed most claims on summary judgment and indicated that Plaintiff's damages were limited to $270, Plaintiff entered into a settlement of all claims and against all parties for $75,000. Although Plaintiff wishes to technically characterize that result as a total success, the reality is that Plaintiff accepted a low settlement due to a lack of success at summary judgment. Magistrate Williams correctly noted this

22

procedural history and reduced Plaintiff's total lodestar amount

by twenty percent.  This Court adopts Judge Williams's analysis

in full and will reduce Plaintiff's fee application by twenty

percent.

**E.**

The last element of the fee calculation is costs.

Magistrate Williams awarded Ms. Vigilante $5,529.84 and Mr. Lamar

$621.61 in out of pocket expenses for a grand total of $6,151.45.

Plaintiff objects to this reduction of costs from the original

sum of $14,783.94.

Plaintiff originally applied for $14,234.28 in the Bill of

Costs and $14,783.94 in other out-of-pocket costs and expenses.[14]

(*See* Pl.'s Bill of Costs 5, Dkt. No. 122; Pl.'s Cert. ¶ 22, Dkt.

No. 123-2)  Defendant objects to costs related to the

administrative hearing, mediation and a $100 deposition

appearance fee for the witness Steven Regan.  (*See* Defs.' Br.

Opp. 3-5, Dkt. No. 127)

Costs are generally not permitted absent statutory

authority.  Relevant to this case, some costs are permitted

---

[14] Although many of the out-of-pocket expenses should have been included
in the Bill of Costs, the distinction is irrelevant here because the Court is
deciding all claims for costs together.

through 28 U.S.C. § 1920,[15] while other costs are permissible under 42 U.S.C. § 1988.[16]  Although § 1920 provides that a Bill of Costs should be submitted to the Clerk of the Court, in the interests of judicial economy, this Court will resolve all issues of costs here.[17]

Some costs are not compensable such as normal expenses associated with office overhead and fees not necessary to the litigation.  *See Posa v. City of East Orange*, 2005 WL 2205786, *7 (D.N.J. 2005).  Here, costs associated with the administrative hearing ($3,643.40) are not compensable under § 1988 for the same reasons that attorneys' fees were not compensable.[18]  For the same reasons, the administrative hearing transcripts ($3,290.75) are not compensable.  Moreover, the mediation fees ($2,275) are not recoverable due to a contract to split the fees of mediation. (*See* Report and Recommendation 24 n.15, Dkt. No. 142)

Appearance fees for witnesses are governed by 28 U.S.C. §

---

[15] These costs include fees of the clerk and marshal, fees for transcripts, fees for printing and witnesses, fees for copying materials, docket fees, and compensation for court appointed experts and interpreters. *See* 28 U.S.C. § 1920.

[16] Covered expenses include "reproduction expenses, telephone expenses of the attorney, travel time and expenses of the attorney, and postage." *Butler v. Frett*, 2006 WL 1806412, *12 (D.N.J. 2006) (quoting *Abrams v. Lightolier, Inc.*, 50 F.3d 1204, 1224 (3d Cir. 1995).

[17] Any resolution by the Clerk of the Court would have been appealable to this Court within seven days.  *See* Fed.R.Civ.P. 54(d); L.Civ.R. 54.1(h).

[18] Although the costs associated with prosecuting the administrative hearing are not compensable, the Court will allow the costs of transcripts from the administrative hearing because they were used in this case.

1821.  Absent any evidence of travel, the appearance fee is set at $40.  Accordingly, $60 will be deducted from the total costs related to the appearance of the witness Steven Regan.

In addition, it appears that the filing fee has been listed twice.  (*See* Pl.'s Bill of Costs 5, Dkt. No. 122; Pl.'s Cert. ¶ 22, Dkt. No. 123-2)  Therefore, a further $350 will be deducted from the total costs.

The total costs are 14,234.28 + 14,783.94 - 3,643.40 - 3,290.75 - 2,275 - 60 - 350 = $19,399.07.  The Court will add these costs without any lodestar reduction.

## IV.

From the above discussion, the total fee is equal to 80% of $167,185.25 + $19,399.07.  This represents the twenty percent reduction to the total attorneys' fees in addition to the costs, which have not been reduced.  Accordingly, Plaintiff will be awarded the sum of $153,147.27.


Dated: 12/21/11                          /s/ Joseph E. Irenas

                                    **JOSEPH E. IRENAS, S.U.S.D.J.**